UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIGNO GARCIA AGUILAR,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:15-cv-02081-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION AND PROCEDURAL HISTORY

This is Plaintiff Benigno Garcia Aguilar's second appeal from the Commissioner's denial of both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff first applied for DIB and SSI in 2010, alleging disability since 2008. [AR 129-43.] After an unfavorable decision, Plaintiff appealed to this Court (Case No. 2:13-cv-08307-VBK). On July 18, 2014, Magistrate Judge Victor Kenton issued a thorough opinion in which he found that the Administrative Law Judge ("ALJ") had properly assessed the examining physicians opinions, but remanded the matter for a de novo assessment of Plaintiff's credibility and a new step five determination of whether Plaintiff could perform other work given his limited English language skills. [AR 739-56.] ALJ Dale Garwal issued an unfavorable second decision on July 7, 2015. [AR 635-56.]

///

Plaintiff now appeals the second decision, and raises two related issues. First, he contends that the ALJ "failed to provide *any* reason, let alone a specific and legitimate reason whether he accepted or rejected" the opinion of Dr. Ainbinder, an Agreed Medical Examiner ("AME"). [Dkt. 17 (Pltf.'s Mem.) at 7] (emphasis in original), and therefore, the ALJ improperly found that Plaintiff could perform work at the light exertional level. Second, he argues that the ALJ's error was not harmless, because the more limited number of jobs available if the ALJ had instead found Plaintiff capable of only sedentary work – 1,080 in the regional economy and 11,850 in the national economy – is insufficient. For the reasons set forth below, the Court AFFIRMS the decision of the ALJ.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Even if Plaintiff shows that the ALJ committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination[.]'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

2

# DISCUSSION

## I. The ALJ Referenced Dr. Ainbinder's Opinion, Which Is Not Inconsistent With The ALJ's Determination That Plaintiff Could Perform Work At The Light Exertional Level.

### a. Plaintiff's Physical Injury

Plaintiff sustained an on-the-job injury to his right knee on August 2, 2008, while working for The J.M. Smucker Company. He had arthroscopic surgery on his right knee on December 8, 2008. [AR 229, 234, 308-25, 402.] Plaintiff showed improvement post-surgery, with examinations by treating doctors showing normal gait and good range of motion, and pain reported as intermittent. [AR 289-90, 145-59.] Plaintiff reported some back pain in 2009, but, by January 2010, there were no further complaints or treatment records regarding Plaintiff's knee or back pain. [AR 145-59; 435-7.]

### b. The ALJ's Determination Of Plaintiff's Light Work Residual Functional Capacity (RFC)

Plaintiff was represented by the same counsel in his prior appeal, which raised issues related to the ALJ's consideration of the medical evidence, and specifically, whether the ALJ properly assessed the examining physicians' opinions. [AR 739-56.] Notably, counsel did not raise any issues relating to the ALJ's consideration of the opinion of Dr. Ainbinder, an AME, in Plaintiff's first appeal. The magistrate judge in the prior case found that the ALJ properly considered the challenged opinions, and that any failure to consider the opinion of one physician, Dr. Nagelberg, was harmless. *Id*. The case was remanded for an unrelated issue. No new medical evidence was presented in the second proceeding. The same ALJ handled both proceedings, and when issuing his second unfavorable decision, adopted his prior analysis of the medical evidence in its entirety. [AR 643.] Although the wording is slightly different in each determination, Plaintiff's RFC

was functionally the same in both proceedings. [*Compare* AR 29 with AR 636.] The ALJ determined that Plaintiff could:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the capacity to perform no greater than simple routine tasks, involving no more than occasional contact with the public and coworkers; lifting and carrying 10 pounds frequently, and 20 pounds occasionally; standing and sitting for 6 hours during a typical 8-hour workday; no more than occasionally bending or stooping; and no work around hazards.

[AR 636.]

For the first time in his second appeal, Plaintiff argues that the ALJ did not provide "any reason for rejecting probative medical source opinions," with particular reference to the opinion of the AME, Dr. Dennis Ainbinder. Plaintiff argues that Dr. Ainbinder's opinion was not considered and is inconsistent with Plaintiff's light exertional level RFC. [Pltf.'s Br. at 6.] The Court disagrees with Plaintiff on both counts: the ALJ clearly considered (and did not reject) the opinion; nor was the opinion inconsistent with Plaintiff's ultimately determined RFC.

Dr. Ainbinder examined Plaintiff once, in September 2009, less than a year after Plaintiff's surgery. He provided a detailed 24-page report that contained medical test data and which considered Plaintiff's prior medical records and testimony. [AR 400-23.] Dr. Ainbinder ultimately opined that Plaintiff could not perform his past work because he was precluded from "prolonged walking, walking on unprotected heights, uneven terrain, heavy lifting, and squatting and kneeling," which was inconsistent with the requirements of his job at J.M. Smucker. [AR 416.]

In his first decision – which in relevant part was incorporated by reference in the second decision [AR 643] – the ALJ noted that "Dr. Ainbinder recommended conservative care, including possible knee Synvisc injections," but did not specifically call out Dr. Ainbinder's conclusion that Plaintiff could not do a job that required "prolonged walking." [AR 26.] It appears, though, that the ALJ read and considered – and relied on – Dr. Ainbinder's report. In any event, the Court does

4

not see any inconsistency between Dr. Ainbinder's conclusion and Plaintiff's light work RFC. As defined by the Code of Federal Regulations ("CFR"), a job falls within the light work category when "it requires a good deal of walking ***or standing, or when it involves sitting most of the time with some pushing or pulling of arm and leg controls***." 20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added). Dr. Ainbinder's report only addressed prolonged walking, not the other possible modes of light work. Consequently, the Court holds that Plaintiff has not demonstrated that the ALJ committed error by not stating that he specifically considered Dr. Ainbinder's opinion that Plaintiff was incapable of "prolonged walking." And with Plaintiff's light work RFC, there are clearly sufficient jobs in the national economy that Plaintiff could perform, and he is not disabled. [AR 649 (Vocational Expert ("VE") in prior proceeding testified that representative SVP 2 occupations existed at levels of 30,750 and 14,750 jobs in California and 271,380 and 135,300 jobs in the national economy, respectively.).][1]

**II. Even Assuming The ALJ Had Erred In Finding Plaintiff Capable Of Light Work, Such Error Was Harmless Because Sedentary Jobs In Sufficient Numbers Are Available Considering Both The Local And National Economies.**

Based on the CFR cited *supra* and Plaintiff's entire medical record as reviewed by both the ALJ and Magistrate Judge Kenton, there is nothing to prevent Plaintiff from performing sedentary work. The ALJ recognized this, and as a fallback position, presented the VE with a second hypothetical limiting Plaintiff to sedentary jobs consistent with his other limitations. Plaintiff contends, however, that the

---

[1] As noted above, the RFCs in both proceedings were the same, and the ALJ remedied the error found by Judge Kenton in the first proceeding – that the ALJ had not sufficiently considered Plaintiff's language skills – in the second proceedings. Thus, because this Court finds that the ALJ's light work determination was proper, the VE's prior testimony plainly shows sufficient jobs in both the local and national economy to find Plaintiff not disabled.

number of jobs identified by the VE for a person "with sedentary limitations that included the ultimate non-exertional limitations found by the ALJ" was not a "number of jobs sufficient to carry the carry [sic] the administrations [sic] burden at Step 5" of the evaluation process. [Pltf.'s Mem. at 10, citing *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) (holding in that case that 135 surveillance system monitor jobs in Southern California and 1,680 jobs nationally was not significant).] Hence, according to Plaintiff, if the ALJ's light exertional RFC is in error, that error is not harmless. Again, the Court disagrees.

Upon questioning by the ALJ, the VE in this case testified that there were "sedentary, unskilled, SVP 2 representative jobs" that together amounted to 1,080 jobs in the regional economy and 11,850 jobs in the national economy. [AR 649.] Plaintiff argues that the Ninth Circuit has never found numbers approximating those to be sufficient, and has stated that 25,000 jobs was a "close call." [Pltf.'s Mem. at 11, citing *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 national jobs was significant).][2] While this case may also be a close call (again, only assuming the ALJ committed error in the first place), the Court nevertheless finds – as have other courts in this District, post-*Gutierrez* – that over one thousand jobs locally and over ten thousand nationally is sufficient. *See, e.g.*, *De Rivera v. Colvin*, 2016 WL 2982183 *3 (C.D. Cal. May 23, 2016), *appeal docketed*, No. 16-55884 (9th Cir. June 23, 2016) (5,000 jobs nationally and 500 jobs regionally constitute a significant number, relying on a consideration of both figures); *Evans v. Colvin*, 2014 WL 3845046 *1 (C.D. Cal. Aug. 4, 2014) (6,200 jobs nationally and 600 jobs regionally constitute a significant number, relying on a

---

[2] If the number of jobs in either the regional *or* national economy is sufficient, the ALJ's decision must be affirmed. *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) ("If we find either of the two numbers 'significant,' then we must uphold the ALJ's decision"). The Ninth Circuit has on prior occasions found regional job numbers similar to that presented in this case significant. See *Barker* and *Meanel*, *infra*.

6

consideration of both figures); *see also* pre-*Gutierrez* cases: *Barker v. Sec'y of HHS*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (1,266 jobs regionally constitute a significant number); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (between 1,000 and 1,500 jobs regionally constitute a significant number); *Peck v. Colvin*, 2013 WL 3121280 *5 (C.D. Cal. June 19, 2013) (14,000 jobs nationally and 1,400 jobs regionally constitute a significant number, relying on a consideration of both figures); *Hoffman v. Astrue*, 2010 WL 1138340 *15 (W.D. Wash. Feb. 8, 2010) (9,000 jobs nationally and 150 jobs regionally constitute a significant number, relying on a consideration of both figures). Consequently, the Court holds that even if the ALJ committed error in not specifically discussing Dr. Ainbinder's conclusion that Plaintiff cannot walk for extended periods was error, such error was harmless.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not to be disabled is AFFIRMED.

**IT IS HEREBY ORDERED.**

DATED: July 08, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE